MoIlvaine, J.
Section 297 of the code provides that -“.the former verdict, report, or decision shall be vacated, .and a new trial granted, on the application of the party aggrieved, for any of the following causes affecting materially the substantial rights of the party;” and among others, enumerates the following cause: “7. Newly discovered evidence, material to the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.”
The plaintiff in error claims that the rule for determining whether or not the newly discovered evidence would .affect materially the substantial rights of the party applying is the same, whereby it would be determined whether •or not the rejection of such evidence, if it had been offered ■on the trial, would constitute error for which the judgment ought to be reversed.
¥e differ with counsel as to the rule in such cases. "When, on the trial of the issues of fact, a party offers evidence material to his cause, and not otherwise incompetent, it should be admitted, to the end that the jury, or other trier of the issues, may consider and weigh it in connection, with the other testimony in the case. The rejection of *134 competent testimony, therefore, is presumed to have been prejudicial to the party offering it. And as it is difficult, r if not impossible, for the reviewing court to ascertain what effect such evidence would have had upon the verdict or finding, as a general rule, the judgment will be reversed for such error. ¡
On a motion for a new trial, however, the court must pass,, not only on the competency of the newly discovered evi. dence, but also- upon the effect it should have upon the result of the trial, in order to determine whether or not it affects materially “ the substantial rights of the party applying.” A new trial, therefore, should be granted only, when the legitimate effect of such evidence, when considered in connection with the testimony produced on the-trial, would require a different verdict or finding. The rule-of practice on this subject has not been substantially changed by section 297 of the code.
Erom this view of the general question, it follows that,, as a general rule, a new trial should not be granted when» the newly discovered testimony is cumulative merely.

heave refused.

Hat, C. J., Welch, Stone, and White, JJ., concurring..